UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Lindsey Feist, individually, and on behalf of all other similarly situated consumers, <br><br> Plaintiff, <br><br> vs. <br><br> Commercial Acceptance Company, <br><br> Defendant. | Case No.: <br><br><br> COMPLAINT – <br> CLASS ACTION |

Plaintiff, Lindsey Feist ("Plaintiff") alleges:

## PRELIMINARY STATEMENT

1. This is an action for damages arising from Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*.

## JURSIDICTION AND VENUE

2. This Court has jurisdiction over this action pursuant to 28 U.S.C. §1331 and 15 U.S.C. §1692k (d).

3. Venue is proper in this district under 28 U.S.C §1391(b).

## PARTIES

4. Plaintiff is a natural person, who at all relevant times has resided in Downingtown, Pennsylvania.

5. Defendant is a corporation doing business in the Commonwealth of Pennsylvania, with its corporate headquarters located at 2300 Gettysburg Road, Suite 102, Camp Hill, Pennsylvania 17011.

6. Defendant is a "debt collector" as the phrase is defined and applied under 15 U.S.C. §1692(a) of the FDCPA in that they regularly attempt to collect on debts primarily incurred for personal, family or household purposes.

## FACTUAL STATEMENT

7. Plaintiff repeats and re-alleges the allegations contained in the above paragraphs and incorporates them as if set forth specifically herein.

8. On a date better known by Defendant, Plaintiff incurred a personal medical debt.

9. In an attempt to collect said debt, Defendant sent Plaintiff a collection letter dated July 12, 2019, attached hereto as Exhibit A.

10. The letter begins with "**FINAL NOTICE**" written in large print.

11. The rest of the letter states:

You have ignored all attempts to resolve this debt and our office is considering additional action against you to recover this money.

We can only assume from your silence that you are refusing to pay this obligation. If this is not the case, you must contact your collection representative immediately. If your silence continues; we will conclude that you are refusing to cooperate and further collection activity will result.

Unless satisfactory arrangements for prompt payment are made with this office within five (5) days from receipt of this letter, we will proceed accordingly to bring this matter to a prompt conclusion.

12. The letter is harassing and abusive in violation of the FDCPA.

13. Specifically, the letter contains threatening language concerning Defendant's next steps.

14. The least sophisticated consumer can only come to the conclusion that when the Defendant states that unless payment is made within five days, "we will proceed accordingly to bring this matter to a prompt conclusion," it means it will either pursue litigation or attempt to collect the debt by force.

15. This is bolstered by other threatening language includes "you must contact your collection representative immediately. If your silence continues; we will conclude that you are refusing to cooperate and further collection activity will result."

16. This language, combined with the "Final Notice" notification, and the five-day deadline, presents an overall threatening tone, which works to intimidate the consumer into paying the debt, or else the debt collector will pursue legal action.

17. This kind of threatening language also harasses the consumer to pay.

18. Accordingly, the letter violates the FDCPA.

## CLASS ACTION ALLEGATIONS

### The Class

19. Plaintiff brings this as a class action pursuant to Fed. R. Civ. P. 23 on behalf of herself and all others similarly situated who have received similar debt collection letters from Defendant, which, as alleged herein, are in violation of the FDCPA.

20. The class is defined as follows:

> **All consumers within the United States that have received collection letters from Defendant substantially similar to Exhibit A sent within one year prior to filing of this complaint.**

21. Excluded from the Class is Defendant herein, and any person, firm, trust, corporation, or other entity related to or affiliated with the defendant, including, without limitation, persons who are officers, directors, employees, associates or partners of Defendant.

### Numerosity

22. Upon information and belief, Defendant has sent hundreds of similar letters to consumer debtors throughout the country, each of which violates the FDCPA. The members of the Class, therefore, are believed to be so numerous that joinder of all members is impracticable.

23. The suits filed by Defendant, and received by the Class, are to be evaluated by the objective standard of the hypothetical "least sophisticated consumer."

24. The exact number and identities of the Class members are unknown at this time and can only be ascertained through discovery. Identification of the Class members is a matter capable of ministerial determination from Defendant's records.

### Common Questions of Law and Fact

25. There are questions of law and fact common to the class that predominates over any questions affecting only individual Class members. These common questions of law and fact include, without limitation: (i) whether Defendant violated various provisions of the FDCPA; (ii) whether the Plaintiff and the Class have been injured by the conduct of Defendant; (iii) whether the Plaintiff and the Class have sustained damages and are entitled to restitution as a result of Defendants wrongdoing and, if so, what is the proper measure and appropriate statutory formula to be applied in determining such damages and restitution; and (iv) whether the Plaintiff and the Class are entitled to declaratory and/or injunctive relief.

### Typicality

26. The Plaintiff's claims are typical of the claims of the class members. Plaintiff and all members of the Plaintiff's Class defined in this complaint have claims arising out of the Defendants common uniform course of conduct complained of herein. Plaintiff's claims are typical of the claims of the Class, and Plaintiff has no interests adverse or antagonistic to the interests of other members of the Class.

### Protecting the Interests of the Class Members

27. Plaintiff will fairly and adequately represent the Class members' interests, in that the Plaintiff's counsel is experienced and, further, anticipates no impediments in the pursuit and maintenance of the class action as sought herein.

28. Neither the Plaintiff nor her counsel have any interests, which might cause them not to vigorously pursue the instant class action lawsuit.

### **Proceeding Via Class Action is Superior and Advisable**

29. A class action is superior to other methods for the fair and efficient adjudication of the claims herein asserted, this being specifically envisioned by Congress as a principal means of enforcing the FDCPA, as codified by 15 U.S.C.§ 1692(k).

30. The members of the Class are generally unsophisticated individuals, whose rights will not be vindicated in the absence of a class action.

31. Prosecution of separate actions by individual members of the Class would create the risk of inconsistent or varying adjudications resulting in the establishment of inconsistent or varying standards for the parties.

32. Certification of a class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also appropriate in that the questions of law and fact common to members of the Plaintiff's Class predominate over any questions affecting an individual member, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

33. Depending on the outcome of further investigation and discovery, Plaintiff may, at the time of class certification motion, seek to certify one or more classes only as to particular issues pursuant to Fed. R. Civ. P. 23(c)(4).

34. A class action will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the duplication of effort and expense that numerous individual actions would engender. Class treatment also will permit the adjudication of relatively small claims by many Class members who could not otherwise afford to seek legal redress for the wrongs complained of herein.

35. Absent a class action, the Class members will continue to suffer losses borne from Defendant's breaches of Class members' statutorily protected rights as well as monetary damages, thus allowing and enabling: (a) Defendants conduct to proceed and; (b) Defendants to further enjoy the benefit of its ill-gotten gains.

36. Defendant has acted, and will act, on grounds generally applicable to the entire Class, thereby making appropriate a final injunctive relief or corresponding declaratory relief with respect to the Class as a whole.

### COUNT I
### VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. §1692 *et seq.*

37. Plaintiff repeats, realleges, and reincorporates the allegations contained in the paragraphs above and incorporates them as if set forth specifically herein.

38. Defendant's conduct of taking money from Plaintiff's account without authorization, and representing that it was legally allowed to do so violates 15 USC §§ 1692d and 1692f of the FDCPA.

WHEREFORE, Plaintiffs respectfully request that this Court do the following:

    A. Certify the class described herein and appoint Plaintiff as Lead Plaintiff, and Plaintiff's Counsel as Lead Counsel;

    B. Enter judgment against Defendant for statutory damages;

    C. Award costs and reasonable attorneys' fees;

    D. Grant such other and further relief as may be just and proper.

### JURY TRIAL DEMAND

Plaintiff demands a jury trial on all issues so triable.


Dated:          June 24, 2020

                                              Respectfully Submitted,

                                              <u>/s/ Nicholas Linker, Esq.</u>
                                              Nicholas Linker, Esq.
                                              Zemel Law LLC
                                              1373 Broad Street, Suite 203-C
                                              Clifton, New Jersey 07013
                                              T:  862-227-3106
                                              F:  973-282-8603
                                              NL@zemellawllc.com
                                              *Attorney for Plaintiff*